UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. CR 04-10024 - MBB

UNITED STATES

v

NAI JING LUO

DEFENDANT'S SENTENCING
MEMORANDUM

## THE OFFENSE

Nai Jing Luo ("Jing") has pleaded guilty to a one count misdemeanor information charging a violation of 18 U.S.C. 1030(a)(5)(A)(iii) namely that he intentionally accessed a protected computer without authorization and, as a result of such conduct, caused damage. Nothing in the offence charged involved any intention on Jing's part to cause harm or to enrich himself and he, in fact, had no intention either to cause harm or to enrich himself.

Jing and Xiangping Chen ("Chen") were good friends. During the five (5) years that they worked together they met for lunch frequently. They talked about all the topics that good friends discuss; such as, their families and world events, as well as things of particular interest to each of them; computers and sports. Their socializing went beyond the workplace. They played golf and soccer together and went bowling. Chen had Jing to his home on several occasions.

Jing sought to gain access to Chen's system primarily to demonstrate to Chen how insecure his system was and to show Chen how computer savvy Jing was. Jing had intended to reveal his entry to Chen voluntarily to surprise and impress him but Jing was the one surprised when before he could do so, Chen discovered the entry almost immediately and notified the authorities. At that point, there was no way for Jing to restore the situation to

1

the level of a mere prank between friends. As noted in paragraph 13A of the revised Presentence Report and Addendum, Chen has acknowledged that "he knows [Jing], and does not believe that he ever had malicious intent."

It is a common and recommended practice to regularly test the effectiveness of the security of a computer system through a technique known as vulnerability testing. In layman's terms, vulnerability testing is a process whereby one hunts for weaknesses in the existing security which, if exploited, would allow someone to get past the security measures in place and thereby obtain unauthorized access to the system. In the course of his work as a system administrator with SolidWorks, Jing had access to many of the tools used to do vulnerability testing, including password cracking software, network traffic sniffers and the like. As noted elsewhere in this memorandum, Jing's primary motivation was to demonstrate to Chen that his system was vulnerable and to impress Chen with his ability. In that context, Jing did not appreciate the seriousness of what he was doing by trying to surprise Chen. It was a foolish, momentary lapse of judgment.

Of course, looking back from the vantage of the severe consequences of his actions, Jing is severely chastened and remorseful. Without belittling the seriousness of the offense, Jing's motivation and reaction supports the firm inference that he will never again regard the use of a computer so lightly.

### GUIDELINE CALCULATIONS

Jing accepts the offense level computation in the presentence report and contends that justice will be served by the imposition of a sentence at the minimum of the guideline range.

As noted above, this was a foolish, momentary lapse of

judgment. Jing lacked malicious intent. In light of the facts and circumstances set forth below in the section on Jing's character, it is clear that this offense represents a marked deviation in an otherwise exemplary, law-abiding life.

## JING'S CHARACTER

Every fact and circumstance as to Jing's history supports the conclusion that he is a solidly middle-class, hard-working person with positive values.

- He has no criminal record.
- He secured an education so that he will be able to support himself and his family.
- He has been consistently employed.
- He supports his young wife who is in China. She is studying English in the hopes that she will join him in the U.S.; a goal which will now as a result of this conviction, be delayed at minimum and, at worse, be made unattainable.
- He spends his spare time playing tennis. He does not spend his leisure time at drink, or abusing drugs.
- Significantly, Jing treats others honorably in financial matters and treats money with respect. He pays his bills promptly and has no debt. He prepares for the future as may be seen from the presence of his retirement accounts.
- He lives with and supports his mother.

Frankly, Jing was and is a productive member of society and an honest person who, unfortunately, committed a crime that is, as noted above, an aberration from the basic course of his life.

## SENTENCE

We request that a sentence of probation be imposed. The imposition of a sentence of probation shall fully satisfy all

of the statutory purposes of sentencing. It will promote respect for the law. It will provide a just punishment for the offense. It will serve as a deterrence not only to Jing but to other computer professionals and it will protect the public. ( U.S.S.G. Section 5B1.1) The offence level is within Zone A.

The Defendant suggests that a term of probation of not more than one year be imposed in accordance with U.S.S.G. Section 5B1.2(a)(1). Jing respectfully requests that he be permitted to travel to China during the period of probation so that he may visit his wife. In the usual case in which the defendant is a citizen of the U.S. and his roots are in this country, the fear is that he will leave the jurisdiction to escape punishment or supervised probation. See Section 3563(b)(14). The usual factors are reversed in this case. Jing is highly motivated to stay in the U.S.; to work here; to gain citizenship and to bring his wife here to live with him. His desire to be here has led to his being separated from his wife for long periods of time in the hope that he will be able eventually to make a better life for both of them in the United States. His greatest fear is that he might be deported and his greatest hope is that this conviction will not be deemed a crime of moral turpitude by the United States Bureau of Citizenship and Immigration Services so that he will be permitted to remain here.

The defendant has agreed to pay restitution under §5E1.1(a)(1) in the full amount of $8,000.00.

For the reasons set forth below, the defendant respectfully requests that the minimum fine pursuant to the Fine Table in §5E1.2( c)(3) be imposed.

18 U.S.C 3572(a) specifies the factors to be considered in imposing a fine and the methods of payment. With the payment of restitution by Jing, the victim will not have suffered a pecuniary loss as a result of the offense. 18 U.S.C. 3672(a)(3).

Jing did not receive any money as a result of the violation. Indeed, he has suffered substantial losses. He was fired as a result of this offense and was unemployed for a number of months. He took his present job at a lower salary. He incurred the expenses of legal representation.

Jing's present worth is almost entirely attributable to the fact that he purchased a home in Hopkinton, Ma. just prior to a steep rise in housing values. Because of the instant charge and the resulting loss of employment, Jing sold the house, moved into an apartment and put the equity from the house into the bank. Significantly, there was no attempt by Jing to hide his money or move it out of the country. Jing is aware that the premature sale of the house has caused him to lose out on substantial further appreciation.

Because of the fund that resulted from the sale of his home, Jing shall be able to pay restitution. However, there is no question that he shall shortly be laid off. His supervisor has been laid off and his employer, Nokia, has made no secret that Jing's whole department will be shut down. Obviously, Jing's prospects for securing another job as a computer systems administrator after this case is highly problematical. The defendant, who supports his mother and his wife, will need funds to carry them through a lengthy period of unemployment.

We respectfully suggest that the defendant has suffered substantial financial losses and that any fine above the minimum will amount to overkill.

Nai Jing Luo,
Respectfully submitted by his attorneys,

_____    _____
Robert Snider, Esquire              Martin H. Green, Esquire
860 Worcester Road, Suite 200       860 Worcester Road, Suite 200
Framingham, MA 01702                Framingham, MA 01702
(508) 875-0003                      (508) 879-2000
BBO # 471000                        BBO #209100


Dated: