UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Case No. 1: 40 CR-10024 01 MBB |
| | ) |
| v. | ) |
| | ) |
| NAI JING LUO | ) |

MOTION TO WAIVE CONDITION OF PROBATION
REQUIRING DEFENDANT TO NOTIFY EMPLOYER OF
MISDEMEANOR CONVICTION

Defendant, Nai Jing Luo, moves this Honorable Court to direct the United States Probation Office to exercise its discretion in interpreting Section 5B1.3(c)(13) of the United States Sentencing Guidelines "Standard Conditions of Probation" as incorporated in this Court's judgment dated June 4, 2004, so as not to require the defendant to inform his current employer of the judgment of conviction in this matter on the following grounds:

1. The defendant is a computer system administrator.

2. The defendant was hired by his current employer before the filing of the Information or his entry of plea thereto.

3. The defendant's current employer, Nokia, is currently undergoing significant economic stress. If the defendant were required to notify Nokia of his conviction in this matter, he expects that his employer would lay him off immediately. Defendant's immediate supervisor has already

1

been laid off.

4. If the defendant were required to inform either his current employer or any subsequent employer of the within misdemeanor conviction during the term of defendant's probation, the defendant would be unable to work in the only field for which he is trained and qualified.

5. The defendant has paid full restitution to the victim as ordered by the court.

6. The defendant has paid the fine imposed by this court in full.

7. The defendant has paid the special assessment in full.

8. The defendant never sought to profit in any way from the conduct which gave rise to the conviction.

9. These proceedings have made abundantly clear to the defendant the gravity of his conduct and the seriousness with which the government views such conduct.

10. There is no chance that the defendant would ever make the same error in judgment again.

11. None of the defendant's conduct which gave rise to the Information and the conviction involved conduct directed toward his employer.

12. Accordingly, nothing in the defendant's criminal record or personal history or characteristics warrants the conclusion that his employer is a party at risk within the meaning of

Section 5B1.3( c)(13) of the United States Sentencing Guidelines.

By his attorney,

_____
MARTIN H. GREEN, (BBO 209100)
860 Worcester Road
Framingham, MA 01702
Tel. No. (508) 879-2000

Dated: June 15, 2004

ASSENTED TO:

_____
ALLISON D. BURROUGHS
Assistant U.S. Attorney

3